BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**AMY E. POTTER**
amy.potter@usdoj.gov
Assistant United States Attorney
405 E. 8th Street, Suite 2400
Eugene, Oregon  97401-2708
Telephone: (541) 465-6771
Attorneys for the United States

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | 6:18-cv-01528-MA |
| Plaintiff, | |
| v. | **COMPLAINT**, *in rem*, **FOR FORFEITURE** |
| One Smith & Wesson Pistol and 17 rounds of ammunition, *in rem*, | |
| Defendants. | |

Plaintiff, United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and Amy E. Potter, Assistant United States Attorney, for its complaint *in rem* for forfeiture, alleges:

I.

This Court has subject matter jurisdiction, *in rem* jurisdiction, and venue pursuant to 18 U.S.C. §§ 922 and 924; 28 U.S.C. §§ 1345, 1355, 1356, and 1395; and 19 U.S.C. § 1610.

**Complaint** *in rem* **for Forfeiture**                                                                                             Page 1

II.

Defendants, *in rem*, One Smith & Wesson Pistol and 17 rounds of ammunition, further described as: One Smith & Wesson, Model M&P Shield, 9mm caliber Pistol; and 17 rounds of Federal 9mm caliber ammunition, are now and during the pendency of this action will be within the jurisdiction of this Court.

III.

Defendants, *in rem*, One Smith & Wesson Pistol and 17 rounds of ammunition, were used in the crimes of felon in possession of a firearm and ammunition, and providing a firearm and ammunition to a convicted felon, violations of 18 U.S.C. §§ 922(g)(1) and 922(d)(1) and are forfeitable to the United States pursuant to the provisions of 18 U.S.C. § 924(d), as more particularly set forth in the declaration of Roland Jacobs, Special Agent Bureau of Alcohol, Tobacco, Firearms, and Explosives, marked as Exhibit A, attached and fully incorporated herein by this reference.

WHEREFORE, plaintiff, United States of America, prays that due process issue to enforce the forfeiture of defendants, *in rem*, One Smith & Wesson Pistol and 17 rounds of ammunition; that due notice be given to all interested persons to appear and show cause why forfeiture of these defendants, *in rem*, should not be decreed; that due proceedings be had thereon; that these defendants be forfeited to the United States; that the plaintiff United States of

///

///

America be awarded its costs and disbursements incurred in this action, and that plaintiff have such other and further relief as is just and equitable.

Respectfully submitted this 20th day of August 2018.

BILLY J. WILLIAMS
United States Attorney

*s/ Amy E. Potter*
AMY E. POTTER
Assistant United States Attorney

## VERIFICATION

I, ROLAND JACOBS declare, under penalty of perjury, pursuant to the provisions of 28 U.S.C. Section 1746, that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives and that the foregoing Complaint *in rem* for Forfeiture is made on the basis of information officially furnished and upon the basis of such information the Complaint *in rem* for Forfeiture is true as I verily believe.

*s/ Roland Jacobs*
ROLAND JACOBS
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

## DECLARATION of ROLAND JACOBS

I, ROLAND JACOBS, do hereby declare:

### BACKGROUND/EXPERIENCE

1. I am currently a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) assigned to the Portland, Oregon, Post of Duty and have been so employed for 26 years.

2. I am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy. As a result of my training and experience as an ATF SA, I am familiar with federal criminal laws and have investigated numerous violations of those laws.

### PURPOSE OF THIS DECLARATION

3. This declaration is made in support of the Complaint *in rem* for Forfeiture for the firearm and ammunition described below:

   a) a Smith & Wesson, Model M&P Shield, 9mm caliber Pistol, serial number HMF3160; and

   b) 17 rounds of Federal 9mm caliber ammunition.

4. Because this declaration is being submitted for the limited purpose of establishing probable cause for the forfeiture of the firearm and ammunition, I have not included each and every fact known to me concerning this investigation. I have set forth the facts that I believe are necessary to establish probable cause that the firearm and ammunition are subject to forfeiture pursuant to 18 U.S.C. § 924(d) as they were used in the crimes of a felon in possession of a firearm and ammunition, and providing a firearm and ammunition to a convicted felon.

## APPLICABLE LAW

5. 18 U.S.C. §922(g)(1) makes it unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce. I am aware that it is a violation of this statute to have actual or constructive possession of a firearm.

6. 18 U.S.C. § 922(d)(1) makes it unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

7. 18 U.S.C. § 924(d) provides that any firearm involved in or used in any knowing violation of 18 U.S.C. § 922(d) or (g) shall be subject to seizure and forfeiture.

## SUMMARY OF THE INVESTIGATION

8. On October 8, 2007, Jared Anthony Germann was sentenced to 120 months' imprisonment and 36 months' supervised release after pleading guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). His term of supervision began on July 15, 2018. Germann is currently on supervised release.

9. In March 2018, I was asked to assist the United States Probation Office (USP) with an investigation into the alleged possession of a firearm and methamphetamine by Germann. United States Probation Officer (USPO) Eric Myrene, who was supervising Germann, had received information that Germann was using methamphetamines and carrying a 9mm pistol that

belonged to his girlfriend, Shelisa Rodriguez, while being involved in other unspecified illegal activities.

10. On April 5, 2018, Germann arrived at the USP office in Salem for a previously scheduled meeting with USPO Myrene. At that time, was arrested for a supervised release violation. Germann arrived at the USP office in a silver 2012 Jeep Wrangler that was registered to Shelisa Rodriguez. The keys to the Jeep were recovered from Germann's person when he was arrested.

11. Germann's supervised release conditions included certain search conditions and USP made a decision to search the Jeep. I arrived near the location where the Jeep was parked while the Jeep was in the process of being searched by USPOs Jansen and Sibenaler. When I arrived, I met with USPO Corey. He pointed out a black nylon laptop computer bag found in the back of the Jeep. The bag had been searched and the USPOs had located a small amount of suspected marijuana, a loaded magazine, and a firearm. The loaded magazine, which contained eight rounds of Federal 9mm ammunition and the suspected marijuana had been removed from the black laptop computer bag prior to my arrival, but USP left the firearm in the bag for me to seize and process. I removed the firearm from the bag and identified it as a Smith & Wesson, Model M&P 9 Shield, 9mm caliber pistol, serial number HMF3160, which was loaded with Federal 9mm ammunition. I made the pistol safe and strapped it and the magazines into an evidence box preserving all items for potential fingerprinting.

12. Approximately thirty minutes later, I went to Germann's residence in Salem, Oregon, where USPOs were also conducting a search. USPO Corey and I attempted to talk to Germann, who was in the back of a police vehicle, parked near the residence. I introduced myself to

Germann and asked if he was willing to talk to me about the pistol recovered from the Jeep. Germann just shook his head and stated "there was no pistol in the Jeep." I interpreted that response as no he didn't want to talk about the pistol. I then went to my vehicle and retrieved the pistol and magazines recovered from the Jeep. When I showed Germann the pistol and magazines, Germann did not say anything. USPO Corey asked Germann how he got to the USP office. Germann responded he was dropped off. USPO Corey than asked why he had the keys to the Jeep in his pocket. Germann made no response.

13. I then went into the residence. The USPOs had completed the search and found nothing of evidentiary value. I could see that Germann's girlfriend, Shelisa Maria Rodriguez was visibly upset about the USPOs being at and searching her residence. I overheard USPO Corey ask Rodriguez how Germann got to the USP office. Rodriguez stated she dropped him off and she got a ride home from a friend. USPO Corey asked Rodriguez why Germann had the keys to the Jeep in his pocket. Rodriguez stated it was in case he needed to go somewhere after his meeting.

14. I introduced myself to Rodriguez and told her that I was asked by the USPOs to assist because they had received some firearms-related information. I asked Rodriguez if she owned any firearms. Rodriguez stated she owns a pistol. I asked Rodriquez what kind of pistol she owned. Rodriguez stated it was a 9mm pistol, but she did not volunteer any details about it. Rodriguez stated she hasn't seen it for a while because it is in storage. Rodriguez stated she didn't want the pistol in her house because of her daughters and because Germann can't be around firearms. I asked her where she stores the pistol. Rodriguez responded by asking why I was asking all the questions. I then told Rodriguez that a pistol had been recovered from her

Jeep. Rodriguez stated if a pistol was recovered from the Jeep, then it was hers. Rodriguez stated she was done answering questions.

15. On April 10, 2018, I listened to a recording of a telephone call made by Germann on April 5, 2018 at approximately 3:10 p.m., while he was in the Marion County Jail. Germann called Rodriguez's telephone number. At approximately 9 minutes and 23 seconds into the call, Germann stated, "it was next to your laptop." I believe by that statement, Germann acknowledged he knew the firearm was in the Jeep.

16. I sent the Smith & Wesson pistol and ammunition to Oregon State Police laboratory for fingerprint analysis; no identifiable prints were found on the pistol or ammunition.

17. I requested a trace (the tracking of a recovered crime gun's history from its source – (manufacturer/importer) through the chain of distribution (wholesaler/retailer) to the individual who purchased the firearm) be conducted on the Smith & Wesson, model M&P Shield, 9mm caliber pistol, serial number HMF3160. I learned this Smith & Wesson was sold on August 8, 2016, by Capital Pawn in Salem, Oregon to Shelisa Maria Rodriguez who, at the time of the purchase, lived at the same residence that was search and where Germann lived.

18. I have reviewed Rodriguez's seized asset claim form dated May 16, 2018, and learned Rodriguez stated the Smith & Wesson, Model M&P Shield, 9mm caliber pistol, serial number HMF3160 is owned by her. Rodriguez also included a copy of the sales receipt and a copy of her Concealed Handgun License. Rodriguez makes no mention of how or where the pistol was stored.

19. I have reviewed the Judgment for Revocation of Supervised Release in *United States v. Germann*, 6:06-CR-60104-AA (ECF No. 55) and have learned on July 12, 2018, Germann

admitted to violation of a Mandatory Condition (Failing to refrain from any unlawful use of controlled substance on November 9, 2017) and Standard Condition 8 (Failing to answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer on April 5, 2018) and was sentenced by U. S. District Judge Ann Aiken to time served and thirty-three months re-imposed supervised release. I also reviewed the July 12, 2018, Petition on Probation and Supervised Release which describes the violation of Standard Condition 8. By admitting to violating Standard Condition 8, Germann admitted driving the Jeep to the Probation Office on April 5, 2018 and knowing that the firearm was sometimes kept in the Jeep.

## CONCLUSION

20. I know based on my knowledge and experience, and in conferring with ATF agents assigned to the Portland Field Office, that prohibited individuals will often obtain firearms through various means. I also know one way in which prohibited individuals acquire firearms is through non-prohibited individuals including spouses, girlfriends, and close friends. I further know based on my knowledge and experience that if the prohibited person is caught with the firearm, the non-prohibited person often tries to protect the prohibited person by claiming and taking responsibility for the firearm. This is often done in an attempt to help the prohibited person avoid facing criminal consequences of possessing a firearm.

21. I believe based on the circumstances detailed in the above mentioned paragraphs that Jared Germann was in possession of the Smith & Wesson, Model M&P Shield, 9mm caliber pistol, serial number HMF3160 on April 5, 2018. I believe the information received by USPO Myrene was reliable based on the fact that the Smith & Wesson pistol was recovered in the Jeep driven by and under the control of Germann. I believe Germann had either actual or constructive

possession of the Smith & Wesson pistol because he had the keys to the Jeep in his pocket when arrested and also based on his telephone call to Rodriguez from the Marion County Jail he knew where the pistol was located within the Jeep.

22. Furthermore, Rodriguez was aware of Germann's prohibited status and it was her responsibility to ensure Germann did not have access to her pistol. Rodriguez told me she had the pistol in storage but would not elaborate as to where that was. I believe Rodriguez allowed Germann to have access to her pistol or at a minimum, failed to take even minimal steps to prevent his access, thus providing a firearm to a convicted felon in violation of federal firearm laws.

23. ATF SA Enk, based on his training and experience, stated the Smith & Wesson firearm and Federal ammunition seized from Germann were not manufactured in the state of Oregon and therefore would have had to travel in interstate commerce to be recovered in Oregon.

24. Based on my experience as a Special Agent with ATF and the circumstances detailed herein, I have reason to believe that in the Judicial District of Oregon, the property described in paragraph 3 of this declaration is subject to seizure and forfeiture as there is probable cause to believe that said firearm and ammunition were used or intended to be used in any manner or part to commit or to facilitate the commission of a violation of 18 U.S.C. § 922(g)(1) and 922 (d)(1).

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. §1746.

Executed this 20th day of August, 2018 in Portland, Oregon.

*s/ Roland Jacobs*
Roland Jacobs
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

**Declaration of Roland Jacobs**                                                   EXHIBIT A   PAGE 7

☙JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____